CLEANERS & DYERS BOARD OF TRADE, INC., and Another, Plaintiffs, *v.* SPOTLESS DOLLAR CLEANERS, INC., Defendants.

Supreme Court, New York County, January 26, 1934.

*Jac M. Lovell*, for the plaintiffs.

*John P. O'Brien, amicus curiæ.*

*S. Frederick Placer* [*Martin W. Littleton* of counsel], for the defendant.

McGEEHAN, J. A preliminary objection is made as to constitutionality. Two acts are involved: *First*, the National Industrial

Recovery Act, and *second,* the so-called Schackno Act* of the State of New York. I rule that no triable point against constitutionality has been presented on this motion. The objection as to constitutionality is overruled.

The next question is whether the code in this industry has been drawn in accordance with the acts. The plaintiffs are dry cleaners and pressers. The code prescribes that they may not charge less than seventy-five cents for a certain service in dry cleaning and pressing. The defendants are also dry cleaners and pressers. Defendants object that plaintiffs are unfairly competing because, in addition to dry cleaning and pressing, they render a very expensive service for which they do not charge anything. Defendants merely dry clean and press and do not render the extra expensive service. I rule that this court has jurisdiction of this controversy. In effect the plaintiffs are not doing the same service as defendants. The law is not *prima facie* unconstitutional. If the way it is being worked here is in accordance with the law, then the law is unconstitutional. One might as well fix the same price to stucco a house as to build a new house. If that is what the acts mean, then they are unconstitutional. But the acts do not mean that. Two interpretations of the code are possible: (1) Mere dry cleaning and pressing have a minimum price of seventy-five cents, and the worker can give as an inducement an additional valuable service. This is in effect prohibited by the law. (2) The price of seventy-five cents is for the complete service as rendered by plaintiffs. In that case there is no code for the service rendered by defendants. The code as promulgated will not work as applied to the two types of service. I decline to grant an injunction to try to make it work. Each item of service must be charged for. This does not mean a meticulously detailed itemization, but a general separation of items of service. Here no separation at all has been attempted, involving the differentiation of service. There is an adequate detail as to the items of service which both parties render, but none at all as to service rendered by one and not by the other.

The acts are constitutional and can be made to work to cover the point here. Let that be done. No criticism of the code draftsman is meant. The point here was inadvertently and excusably overlooked.

Motion denied.

Opinion on reargument, February 19, 1934.

MCGEEHAN, J. The plaintiffs move for a reargument. The ground seems to be not that the court overlooked either any fact or the law, but that the court after full consideration reached a wrong conclusion. Perhaps, but on reconsideration I again fall into the same error (if it be error).

* Laws of 1933, chap. 781.

Plaintiffs are " call, deliver and credit " cleaners. Defendants are " cash and carry " cleaners. After a detailed investigation the officials of the NIRA were impressed with the argument that a service of calling for goods, delivering them, granting credit and collecting these petty bills does not cost anything. I decline to be so credulous. Stripped of its camouflage the effort of plaintiffs is to drive defendants out of business, for the facts and argument of plaintiffs conclusively prove that patrons will not accept the meagre service of defendants if they can get the much better service offered by plaintiffs at the same price. These services are distinctly different. I deliberately overrule the finding that they are the same. The plaintiffs are, I think, wrong when they say that the court is without jurisdiction to overrule the finding of the rate fixing body. A perusual of the cases will show that conclusively. If this law means that NIRA has the power to compel a man whose service is worth forty cents to charge seventy-five cents for it, so that his customers will leave him and deal with his competitor whose service is worth seventy-five cents, then it is unconstitutional. It is not unconstitutional because that is not what it means. If it gives to this court the right to review without power to reverse, it is unconstitutional. It is not unconstitutional because as a part of the review it gives this court the right to reverse on the facts and the law. Properly construed, no property is taken without due process. I adhere to my former decision that I decline to enjoin these defendants. I also refuse to fix a rate for the cash and carry service. That duty belongs with the NIRA. When they fix a proper rate I shall enforce it if the motion comes before me. The motion for reargument is denied.